IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01805-BNB

DOUGLAS JAY WEST,
    Plaintiff,

v.

WARDEN, Fremont C.F.,
CHARLES OLIN, Director of Mental Health/SOTP, Fremont C.F., and
JOHN McGILL, Therapist – Mental Health/SOTP, Fremont C.F.,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 12 2006

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff Douglas Jay West is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility at Buena Vista, Colorado. Mr. West initiated this action by filing *pro se* a Prisoner Complaint alleging that Defendants have violated his rights under the United States Constitution. He seeks money damages as well as declaratory and injunctive relief.

    Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. West is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the complaint, or any portion of the complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See* **Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the complaint liberally because Mr. West is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. West asserts six claims in this action alleging that his constitutional rights have been violated. Each of the six claims arise out of Mr. West's classification as a sex offender and his participation in and termination from the sex offender treatment program. Mr. West specifically asserts the six claims against Defendants Charles Olin and John McGill. Mr. West does not allege that the warden of the Fremont Correctional Facility, who also is named as a Defendant in this action, was involved in any way in the six claims being asserted.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. West must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on

a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The warden of the Fremont Correctional Facility will be dismissed as a party to this action for lack of personal participation because Mr. West makes no allegations to demonstrate that the warden personally participated in the asserted constitutional violations. The Court will not address at this time the merits of Mr. West's claims against Defendants Olin and McGill. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims against the warden of the Fremont Correctional Facility are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that the warden of the Fremont Correctional Facility is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 11 day of Oct, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01805-BNB

Douglas Jay West
Prisoner No. 108376
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/12/06

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk