IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01805-WYD-BNB

DOUGLAS JAY WEST,

Plaintiff,

v.

CHARLES OLIN, Director of Mental Health/SOTP, Fremont C.F., and
JOHN McGILL, Therapist, Mental Health/SOTP, Fremont C.F.

Defendants.

---

# ORDER

---

This matter is before me on the plaintiff's **Motion for Disqualification of Judge** [Doc. #54, filed 9/10/07]. The plaintiff requests that I disqualify myself from this case based on the following:

1. In Civil Action No. 02-cv-01993, Beebe v. Heil, I recommended that the action be dismissed. The cause of action alleged in Beebe is similar to the cause of action alleged by the plaintiff in this case.

2. On April 16, 2007, I denied the plaintiff's motion for appointment of counsel in this case, in part because I found that the allegations of the Complaint did not convince me that the plaintiff's chances of succeeding on the merits are strong [Doc. #31].

3. On July 3, 2007, the plaintiff initiated Civil Action No. 07-cv-01390 by filing a paper entitled "Statutory Notice of Intent (to Sue)" [Doc. #2]. With regards to Civil Action No. 07-cv-01390:

a. On July 3, 2007, I ordered the plaintiff to submit his claims on the proper Court form and I directed the Clerk of the Court to provide the plaintiff with the Court's standard Prisoner Complaint form [Doc. #1];

b. The plaintiff requested and received an extension of time until August 31, 2007, to submit his claims on the proper Court form [Docs. #3 and #5];

c. The plaintiff requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 [Doc. #4 and #6];

d. On August 1, 2007, the plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 [Doc. #8];

e. On August 20, 2007, the plaintiff requested leave to proceed without paying the initial partial filing fee [Doc. #9]. The plaintiff was granted leave to proceed without paying the initial partial filing fee on August 22, 2007 [Doc. #10]; and

f. On August 27, 2007, the plaintiff was ordered to show cause within 30 days why the complaint should not be dismissed for lack of subject matter jurisdiction [Doc. #11].

The plaintiff asserts that I "am likely to be biased and/or prejudiced" in this case because (1) I recommended dismissal of the Beebe case; (2) in denying the plaintiff's motion for appointment of counsel in this case, I stated that the allegations of the Complaint in this action did not convince me that the plaintiff's chances of succeeding on the merits are strong; and (3) I waited almost two months in Civil Action No. 07-cv-01390 before ordering the plaintiff to show cause why his case should be dismissed instead of informing him immediately of the deficiencies in his action.

The issue of recusal is addressed by two separate statutes. Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their impartiality might

reasonably be questioned. The test under this statute is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

The plaintiff's allegations would not cause a reasonable person to harbor doubts about my impartiality in this case. The orders I have issued in plaintiff's Civil Action No. 07-cv-01390 are routine orders commonly issued in prisoner civil actions. In addition, my recommendations in other civil actions, including the Beebe case, do not predispose my determination of this case. Finally, in deciding whether to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case, I am required by the law of this circuit to consider the merits of the litigant's claims. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). Under the Rucks analysis, I frequently determine that the allegations of a plaintiff's complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong.

A party may also seek the disqualification of a judge under 28 U.S.C. § 144. To prevail on the motion to disqualify, the movant must timely file a sufficient affidavit alleging bias or prejudice. The supporting affidavit must establish with particularity the identifying facts of time, place, persons, occasion, and circumstances requiring disqualification. Hinman, 831 F.2d at 939. The affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Id.

The plaintiff has not submitted a supporting affidavit with his Motion. Therefore, he does not provide a basis upon which I should recuse myself under 28 U.S.C. § 455. Accordingly,

IT IS ORDERED that the plaintiff's Motion for Disqualification of Judge is DENIED.

Dated September 21, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge