IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01805-WYD-BNB

DOUGLAS JAY WEST,

Plaintiff,

v.

CHARLES OLIN, Director of Mental Health/SOTP, Fremont C.F., and
JOHN McGILL, Therapist, Mental Health/SOTP, Fremont C.F.

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the defendants **Motion for Summary Judgment** [Doc. # 32, filed 5/23/07] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. UNDISPUTED MATERIAL FACTS

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC"). *Complaint*, p. 2.

1. Prior to filing this action, the plaintiff was undergoing treatment in the DOC's Sex Offender Treatment Program ("SOTP"). Id. at p. 3.

2. The plaintiff was terminated from the SOTP on April 17, 2002. *Motion*, Ex. A-1, ¶ 4.

3. He was subsequently re-admitted to the SOTP, but was again terminated on or before July 28, 2003. Id. at ¶ 5.

4. The plaintiff has not been readmitted to the SOTP since his last termination in July 2003. Id. at ¶ 6.

5. DOC regulations require that all offenders be classified on a Sexual Violence Scale at the Denver Reception and Diagnostic Center ("DRDC") upon entry into the DOC. Id. at Ex. A-3, section (IV)(A).

The plaintiff commenced this case on August 28, 2006, by filing a motion to proceed under 28 U.S.C. § 1915 [Doc. #1]. The plaintiff's Prisoner Complaint [Doc. #4] (the "Complaint") was accepted for filing on September 12, 2006. *Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915* [Doc. #2].

The Complaint asserts six causes of action. Claim One alleges that the plaintiff is being denied the opportunity to complete the SOTP. Claim Two alleges that the plaintiff was unfairly terminated from the SOTP on two occasions. Claim Three alleges that defendants Olin and McGill deliberately prevented the plaintiff from continuing in the SOTP because they are biased and prejudiced against him. Claim Four alleges that he has been denied good time and earned time as a result of his termination from the SOTP. Claim Five alleges that the plaintiff has been assigned a classification which is disproportionate to his offense. Claim Six alleges that the SOTP refused to acknowledge the plaintiff's bipolar disorder while he was in the SOTP and in deciding to terminate him from the SOTP.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution

3

and laws, shall be liable to the party injured in an action at law, suit
in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

## A. Sovereign Immunity

The defendants assert that, insofar as they are sued in their official capacities, the claims must be dismissed on the basis of sovereign immunity.[1] *Motion*, p. 4. The Complaint does not state whether the plaintiff is suing the defendants in their official or individual capacities. However, to the extent the plaintiff is attempting to sue the defendants in their official capacities, Eleventh Amendment immunity must be addressed.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06.

The defendants are employed by the DOC. *Complaint*, pp. 2-3. The DOC is an agency or subdivision of the State of Colorado. Consequently, the Eleventh Amendment bars suit against these defendants in their official capacities for retroactive monetary relief. I respectfully

---

[1]Because this argument challenges the Court's jurisdiction, I address it prior to addressing the defendants' other arguments.

4

RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the claims against the defendants in their official capacities for retroactive monetary relief based on Eleventh Amendment immunity.[2]

### B. Statute of Limitations

The defendants assert that they are entitled to summary judgment on Claims One, Two, Three, Four, and Six because these claims were not brought within the appropriate limitations period. *Motion*, pp. 2-4. Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; Colo.Rev.Stat. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

### 1. Claim One

Claim One alleges that the plaintiff is being denied the opportunity to complete the SOTP. The defendants assert that Claim One is barred by the statute of limitations because the undisputed facts show that the plaintiff was terminated from the SOTP on April 17, 2002, and again on or before July 28, 2003. However, termination from the program is not the same as

---

[2]As discussed below, I find that (1) Claims Two and Four are barred by the statute of limitations, and (2) the plaintiff has failed to demonstrate a violation of his constitutional rights as to Claims One, Three, Five, and Six. Therefore, to the extent the plaintiff asserts any claims for prospective injunctive relief against the defendants in their official capacities, the claims do not survive summary judgment.

5

denial of reentry into the program. There is no evidence regarding the date when the DOC denied plaintiff the opportunity to reenter and complete the program, or more importantly, when the plaintiff knew or should have known that the DOC was denying him the opportunity to complete the program.

The defendants have failed to establish that they are entitled to judgment as a matter of law on their statute of limitations defense regarding Claim One. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claim One as barred by the statute of limitations.

### 2. Claim Two

Claim Two alleges that the plaintiff was unfairly terminated from the SOTP. *Complaint*, p. 5. The undisputed facts establish that the plaintiff knew by July 28, 2003--at the very latest--that he was unfairly terminated from the SOTP. Therefore, the plaintiff was required to assert Claim Two on or before July 28, 2005. The plaintiff did not initiate this action until August 28, 2006.[3] Therefore, Claim Two is barred by the statute of limitations unless the limitation period is subject to tolling.

The issue of tolling is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly

---

[3] I am aware that the prison mailbox rule applies to an inmate's filing of a civil rights complaint. Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005). Under the mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." Id. at 1165. However, the inmate must establish actual use of the prison's internal mail system in order to be accorded the benefits of the mailbox rule. Id. The inmate bears the burden of proof on this issue. Id. The plaintiff does not provide any argument or evidence to establish that the mailbox rule applies to his case.

6

extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

Liberally construing the plaintiff's Response, he appears to argue that he is entitled to equitable tolling on all of his claims because (1) he had to exhaust his claims before bringing them here, and it took him an "extended period" to exhaust, *Response to Motion for Summary Judgment* [Doc. #70, filed 11/27/07] (the "Response"), p. 3, ¶ a2; and (2) the defendants deliberately failed to produce certain documents to him. Id. at pp. 2-4.

The plaintiff does provide any citations to supporting evidence. Instead, he makes blanket references to his exhibits. For example, he states, "[t]he plaintiff substantiates this fact by presenting the exhibits included in this motion as well as exhibits previously submitted to this court . . . .", *Response*, p. 2, ¶ 1, and "[p]laintiff has previously submitted other similar documents as evidence in support of his claims in the instant action . . . ." *Motion to Supplement the Record* [Doc. #75, filed 12/27/07] (the "Supplement"), p. 1.

It is not the Court's duty to search the entire record for documents which support the plaintiff's claims. See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995). To the contrary, it is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence. Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

Nevertheless, I have reviewed the exhibits attached to the Response and the Supplement, and I see no evidence to support a finding that the plaintiff attempted to exhaust his termination from the SOTP. The plaintiff attaches several copies of grievances to his Response and his Supplement. Although many of these grievances evidence the plaintiff's attempts to be reinstated into the SOTP, none of them complain that he was wrongfully terminated from the SOTP.

7

In addition, the plaintiff does not provide any evidence to support his assertion that the defendants have wrongfully withheld documents from him, nor does he identify any alleged withheld documents that would be pertinent to this claim.

The plaintiff has failed to establish that truly extraordinary circumstances prevented him from filing Claim Two despite diligent efforts or that the defendants wrongfully impeded his ability to bring Claim Two. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim Two as barred by the statute of limitations.[4]

### 3. Claim Three

Claim Three alleges that defendants Olin and McGill deliberately prevented the plaintiff from continuing in the SOTP because they are biased and prejudiced against him. The defendants assert that Claim Three is barred by the statute of limitations because the undisputed facts show that the plaintiff was terminated from the SOTP on April 17, 2002, and again on or before July 28, 2003. However, as with Claim One, these undisputed facts merely establish that the plaintiff was terminated from the SOTP on a date certain; they do not establish when the plaintiff knew or should have known Olin and McGill were deliberately preventing him from completing the SOTP. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claim Three as barred by the statute of limitations.

---

[4]The defendants also assert that (1) Claim Two does not state a claim, (2) they are entitled to qualified immunity, and (3) the plaintiff has failed to exhaust his claim regarding termination. Because I find that Claim Two is barred by the statute of limitations, I do not address the defendants' other arguments regarding this claim.

8

### 4. Claim Four

Claim Four alleges that the plaintiff has been denied good time/earned time as a result of his inability to complete the SOTP. *Complaint*, p. 7. The defendants assert that Claim Four is barred by the statute of limitations.

Attached to the plaintiff's Response is an Informal Resolution Attempt dated September 30, 2003, wherein the plaintiff requests that he be immediately reinstated into the SOTP. He states that "[a]s long as I am not allowed to participate in the Phase One program, I am deprived of the ability to earn 'good time' (earned time) @ the full amt. per mo." *Response*, attached exhibits [Doc. #70-2] , p. 14.

It is clear from the plaintiff's own evidence that he knew he was being deprived of the ability to earn good time/earned time as a result of his inability to complete the SOTP as early as September 30, 2003. Therefore, he was required to bring Claim Four on or before September 30, 2005. Absent tolling, Claim Four is barred by the statute of limitations.

As discussed in my analysis of Claim Two, the plaintiff asserts that he is entitled to equitable tolling on all of his claims because (1) he had to exhaust his claims before bringing them here, and it took him an "extended period" to exhaust, and (2) the defendants deliberately failed to produce certain documents to him. The only evidence showing that the plaintiff attempted to exhaust Claim Four is the Informal Resolution Attempt dated September 30, 2003. There is no evidence that the plaintiff attempted to take this claim through the DOC's three-step grievance procedure. Therefore, there is no evidence that of an "extended period" in exhausting this claim. Moreover, the plaintiff does not provide any evidence to support his assertion that the defendants have wrongfully withheld documents from him, nor does he identify any alleged withheld documents that would be pertinent to Claim Four.

The plaintiff has failed to establish that truly extraordinary circumstances prevented him from filing Claim Four despite diligent efforts or that the defendants wrongfully impeded his ability to bring Claim Four. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim Four as barred by the statute of limitations.

### 5. Claim Five

Claim Five alleges that "Mental Health at [Fremont Correctional Facility] have [sic] given Plaintiff an excessively high 'S-Code' classification which is disproportionate to Plaintiff's actual offense." *Complaint*, p. 8. The defendants assert that this claim is barred by the statute of limitations. Their argument consists of the following:

> With regard to Plaintiff's classification as an S-5 level offender, this classification was given to Plaintiff because he was convicted of attempted sexual assault in the Boulder District Court, Colorado on February 23, 2001. (Colorado Department of Corrections Inmate Locator Search Details, attached hereto as Exhibit A-2)[.] Thus, the classification was given to Plaintiff upon his arrival to the Denver Reception and Diagnostic Center, pursuant to AR 700-19(IV)(A) 2, which states that:
>
> "All offenders are programmed at the Diagnostic Unit in the Denver Reception and Diagnostic Center (DRDC) upon entry into the DOC. The DRDC programmers review all documents relevant to the offender's criminal history and code them on the following sexual violence scale: 1. S5 – Offenders with past of current felony sexual offense convictions."
>
> AR 700-19(IV)(A).
>
> Pursuant to AR 700-19(IV)(A), Plaintiff was classified as an S-5 sex offender upon his arrival to the Denver Reception and Diagnostic Center in February/March of 2001, pursuant to his criminal convictions in Case No. 99CR1422 in the Boulder District Court. (Exhibit B). Consequently, the statute of limitations expired

> in 2003, three years before Plaintiff filed this action, and therefore
> Claim five is also barred by the statue of limitations.

*Motion*, pp. 3-4.

As a preliminary matter, I note that the defendants rely on the "Colorado Department of Corrections Inmate Locator Search Detail" without establishing its authenticity or an applicable hearsay exception which would allow it to be admitted into evidence. Moreover, this exhibit does not establish that the plaintiff was classified as an S-5 level offender because he was convicted of attempted sexual assault in the Boulder District Court, Colorado, on February 23, 2001. It merely shows that the plaintiff was sentenced for attempted sexual assault on February 23, 2001. Id. at Ex. A-2.

Administrative Regulation ("AR") 700-19(IV)(A) proves only that DOC regulations require that all offenders be classified on a Sexual Violence Scale at the DRDC upon entry into the DOC.[5] Id. at Ex. A-3, p. 2. The regulation, without more, does not prove that the plaintiff was classified in accordance with the regulation, nor does it prove that the classification challenged by the plaintiff is the same classification he was assigned upon entry into the DOC. Indeed, Claim Five alleges that "Mental Health @ FCF" assigned the plaintiff a disproportionate classification; it does not allege that the DRDC assigned the classification. Without additional competent and relevant evidence, it is impossible to determine whether the defendants are addressing the classification at issue in Claim Five.

The defendants have failed to establish that they are entitled to judgment as a matter of law on their statute of limitations defense regarding Claim Five. I respectfully RECOMMEND

---

[5] I may take judicial notice of the administrative regulation. Fed.R.Evid. 201.

11

that the Motion be DENIED insofar as it seeks dismissal of Claim Five as barred by the statute of limitations.

### 6. Claim Six

Claim Six alleges that the SOTP refused to acknowledge the plaintiff's bipolar disorder while he was in the SOTP and in deciding to terminate him from the SOTP. The defendants assert that Claim Six is barred by the statute of limitations because the undisputed facts show that the plaintiff was terminated from the SOTP on April 17, 2002, and again on or before July 28, 2003. These undisputed facts do not establish when the plaintiff knew or should have known that the SOTP refused to acknowledge his bipolar disorder while he was in the SOTP and in deciding to terminate him from the SOTP. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claim Six as barred by the statute of limitations.

### C. Qualified Immunity

The defendants assert that they are entitled to qualified immunity on the remaining claims.

> Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. It is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability. When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. The plaintiff must first establish that the defendant's actions violated a constitutional or statutory right. If the plaintiff establishes a violation of a constitutional or statutory right, he must then demonstrate that the right at issue was clearly established at the time of the defendant's unlawful conduct.

Ahmad v. Furlong, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted).

This two-part burden is a heavy one, and it must be met before the defendant bears his initial burden on summary judgment:

> A summary judgment decision involving the defense of qualified immunity is reviewed "somewhat differently" from other summary judgment rulings. When a defendant raises the issue of qualified immunity, the plaintiff must satisfy a two-part test. First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory right the defendant allegedly violated was clearly established at the time of the conduct at issue. A right is clearly established only if there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains. Only if the plaintiff establishes both elements of the test does the defendant bear the traditional burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.

Scull v. New Mexico, 236 F.3d 588, 595 (10th Cir. 2000) (internal quotations and citations omitted).

### 1. Claim One

Claim One alleges that the plaintiff is being denied the opportunity to complete the SOTP. The plaintiff does not identify the federal right that was allegedly violated by the defendants' actions. For this reason alone, Claim One should be dismissed.

The defendants surmise that because the SOTP is a rehabilitative program and denial of rehabilitation is analyzed under the Eighth Amendment, Claim One should be analyzed under the Eighth Amendment. However, it appears from the plaintiff's Response that he is asserting a violation of his due process rights. *Response*, pp. 10-16. Although the Response addresses the plaintiff's termination from the STOP, I will construe the Response to also address reinstatement into the SOTP.

13

In Beebe v. Heil, 333 F. Supp.2d 1011, 1016-17 (D. Colo. 2004), the court held that an inmate sentenced under section 18-3-305(1) of the Colorado Sex Offender Lifetime Supervision Act had a liberty interest in obtaining sex offender treatment. The plaintiff has not provided any argument or evidence that he was sentenced under the applicable statutory scheme or that he is otherwise eligible to claim a liberty interest in completion of the SOTP.[6] Nor has he established that his inability to complete the SOTP the result of a in violation of his due process rights. Therefore, the plaintiff has failed to demonstrate that the defendants' actions violated a constitutional right.

Moreover, even if the plaintiff had established a liberty interest in completion of the SOTP and a violation of his right to due process, a right "is clearly established only if there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains." Scull, 236 F.3d at 595. Although the plaintiff cites to many cases in his Response, they do not address the specific violations alleged by the plaintiff concerning denial of the opportunity to complete the SOTP. The only case that addresses denial of the opportunity to complete the SOTP is Beebe, which is not "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other

---

[6]To the contrary, the plaintiff states that his sentence for the attempted sexual assault carries a maximum presumptive range of three years. *Supplement*, p. 7. The defendants also assert that the plaintiff was not sentenced under the Colorado Sex Offender Lifetime Supervision Act; he is not required by statute to undergo sex offender treatment in order to be considered for parole; and he has a definitive sentence for his crimes of three years and ten years. *Reply to Response to Motion for Summary Judgment* [Doc. #74, filed 12/19/07], pp. 11-12. Because the parties do not provide any competent evidence to support these assertions, I do not take them as facts.

14

courts." Therefore, the authorities cited by the plaintiff do not demonstrate that the rights alleged here were clearly established at the time of the defendants' conduct.

I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks summary judgment in favor of the defendants on Claim One.

### 2. Claims Three, Five, and Six

Claim Three alleges that the defendants are directly responsible for deliberately preventing the plaintiff from continuing the SOTP because that they have "a personal bias and prejudice" against him and they provided others with "false and deceptive information." *Complaint*, p. 6. Claim Five asserts that the Mental Health Department at the Fremont Correctional Facility has assigned the plaintiff an excessively high "S-code" classification. Id. at p. 8. Claim Six alleges that the Mental Health Department and the SOTP at the Fremont Correctional Facility have refused to acknowledge and include in his SOTP treatment the issue of his bipolar disorder. Id. at p. 9.

The plaintiff fails in many ways to meet his two-part burden to overcome the defense of qualified immunity. He does not identify the constitutional rights allegedly violated by the defendants' actions, nor does he provide any evidence to establish a violation of any constitutional rights. In addition, to the extent these claims are based on the denial of the opportunity to complete the SOTP, the claim fails as discussed in my analysis with respect to Claim One. I also note that Claims Five and Six do not contain any allegations regarding the defendants.

Finally, the plaintiff does not provide any authority to show that the defendants violated a clearly established constitutional right. I respectfully RECOMMEND that the Motion be

GRANTED to the extent it seeks summary judgment in favor of the defendants on Claims Three, Five, and Six.

## IV. CONCLUSION

I respectfully RECOMMEND that the defendants Motion for Summary Judgment be GRANTED as follows:

(1) all claims against the defendants in their official capacities for retroactive monetary relief be dismissed based on Eleventh Amendment immunity; and

(2) summary judgment enter in favor of the defendants on all of the remaining claims.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 1, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge