IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01805-WYD-BNB

DOUGLAS JAY WEST,

    Plaintiff,

v.

CHARLES OLIN, Director of Mental Health/SOTP, Fremont C.F., and
JOHN McGILL, Therapist, Mental Health/SOTP, Fremont C.F.

    Defendants.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**
_____

I.    <u>INTRODUCTION</u>

This matter is before the Court on Defendants' Motion for Summary Judgment (docket #32) pursuant to Fed. R. Civ. P. 56(b), filed on May 23, 2007. The matter was referred to Magistrate Judge Boland for a Recommendation by Order of Reference dated September 20, 2007. Magistrate Judge Boland issued a Recommendation on February 1, 2008 and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Boland recommends therein that the Defendants' Motion for Summary Judgment be granted. Recommendation at 1.

On February 19, 2008, Plaintiff filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to

which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II. RECOMMENDATION

After laying out the standard for reviewing a summary judgment motion, Magistrate Judge Boland, reviewed each of the grounds for dismissal raised in support of Defendants' motion. Based on the grounds raised, Magistrate Judge Boland recommends that Defendants' Motion for Summary Judgment be granted. Specifically, Magistrate Judge Boland recommends: (1) all claims against the Defendants in their official capacities for retroactive monetary relief be dismissed based on Eleventh Amendment immunity; and (2) summary judgment be granted in favor of the Defendants on all of the remaining claims.

In his Objections, Plaintiff objects to the following three grounds for dismissal relied upon by Magistrate Judge Boland: (1) that Plaintiff failed to meet the burden of showing that Defendants actions violated constitutional or statutory rights and that these rights were clearly established at the time of the conduct; (2) that sovereign immunity bars suit against the Defendants to the extent that the Plaintiff is attempting to sue the Defendants in their official capacities for monetary damages; and (3) that the statute of limitations bar Plaintiff's claims.

### A. Qualified Immunity

Magistrate Judge Boland recommends that qualified immunity bars Plaintiff's suits against Defendants Olin and McGill in their individual capacities. In the Recommendation, Magistrate Judge Boland explains that, because Defendants Olin and McGill have asserted qualified immunity as an affirmative defense, Plaintiff must

overcome a two-part test. The test requires the Plaintiff to show (1) "that the [D]efendant[s'] actions violated a constitutional or statutory right" and (2) that the right "allegedly violated [was] clearly established at the time of the conduct at issue." Recommendation at 13 (quoting *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000) (internal quotations and citations omitted)).

Magistrate Judge Boland found that the Plaintiff failed to provide any evidence "that he was sentenced under the applicable statutory scheme or that he is otherwise eligible to claim a liberty interest in completion of the SOTP." Recommendation at 14. Magistrate Judge Boland further found that "even if the plaintiff had established a liberty interest in completion of the SOTP and a violation of his right to due process, a right 'is clearly established only if there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains.'" Recommendation at 14. Magistrate Judge Boland concluded that "[a]lthough the plaintiff cites to many cases in his Response, they do not address the specific violations alleged by the plaintiff concerning denial of the opportunity to complete the SOTP." Recommendation at 14. Thus, Plaintiff failed to cite any authority that demonstrates that the rights alleged were clearly established at the time of the Defendants' alleged wrongful conduct.

After carefully reviewing Plaintiff's Objection to Magistrate Judge Boland's Recommendation in connection with the issue of qualified immunity, I find that Plaintiff's arguments are without merit. In this section of Plaintiff's Objection, Plaintiff attempts refute Magistrate Judge Boland's findings by satisfying his burden of showing that the Defendants' actions violated constitutional or statutory rights and that these rights were

clearly established at the time of the conduct.  However, Plaintiff's arguments are misplaced with regard to whether Plaintiff's due process rights were violated by Defendants' classification of Plaintiff, as a sex offender.

Plaintiff objects on the basis that he is "entitled to some level of due process protections" because the conditions of his parole infringe upon his protected liberty interests and that no evidentiary hearing was afforded to him by Defendant Olin or McGill in their individual capacities.  Objections at 2.  Additionally, Plaintiff asserts that the stigmatizing consequences of being labeled a sex offender coupled with the mandatory treatment program as pre-conditions for parole eligibility create the kind of deprivations of liberty that require procedural due process protections.  Objections at 3; *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237 (10th Cir. 2000).

Plaintiff fails to meet his two-part burden to overcome the defense of qualified immunity.  Plaintiff does not identify the constitutional rights allegedly violated by the Defendants' actions, nor do his allegations and arguments provide any evidence or additional information necessary to overcome his burden.  Moreover, Plaintiff's remaining claims do not contain any allegations regarding the Defendants. Thus, his assertions fail to satisfy his burden with regard to the affirmative defense of qualified immunity to show that the Defendants' actions violated a clearly established constitutional or statutory law.

I agree with Magistrate Judge Boland's conclusion that the "authorities cited by the Plaintiff do not demonstrate that the rights alleged here were clearly established at the time of the Defendants' conduct."  Recommendation at 15.  Plaintiff has not satisfied his burden through the facts alleged and arguments made in his Objection with regard

to the affirmative defense asserted by Defendants' Olin and McGill. Therefore, I affirm and adopt Magistrate Judge Boland's recommendation that qualified immunity bars suit against the Defendants in their individual capacities. Summary Judgment is granted in favor of the Defendants on Claims One, Three, Five, and Six.

      B.    <u>Sovereign Immunity</u>

Magistrate Judge Boland also recommends that Plaintiff's suit against Defendants Olin and McGill in their official or individual capacities is barred by sovereign immunity. Plaintiff objects to this Recommendation by asserting one conclusory statement that reads that "state officials are not guaranteed sovereign immunity by virtue of the Eleventh Amendment." Objections at 4. However, having reviewed the relevant sections of Magistrate Judge Boland's Recommendation, I find that this Objection is without merit.

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 102-03, 105-06 (1984). The Department of Corrections ("DOC") is an agency or subdivision of the State of Colorado and the Defendants are employed by the DOC. (Compl. at 2-3.) Consequently, the Eleventh Amendment bars suit against these Defendants in their official capacities for retroactive monetary relief. Therefore, I adopt and affirm Magistrate Judge Boland's Recommendation that Defendants' motion be granted to the extent that it seeks dismissal of the claims against the Defendants in their official capacities for retroactive monetary relief based on Eleventh Amendment immunity.

C. Statute of Limitations

Magistrate Judge Boland recommends that Defendants' Motion for Summary Judgment be granted in part and denied in part insofar as it seeks dismissal of the claims based on the statute of limitations. Specifically, he recommends that Defendants' motion be granted: (1) to the extent that Claim Two asserts that Plaintiff was unfairly terminated from the DOC's Sex Offender Treatment Program ("SOTP") and (2) to the extent that Claim Four alleges that the Plaintiff has been denied good time/earned time as a result of his inability to complete the SOTP.

Plaintiff initially asserted six causes of action against the Defendants in his Complaint. Claim One alleges that Plaintiff is being denied the opportunity to complete the SOTP. Claim Two alleges that the Defendants deliberately prevented the Plaintiff from continuing in the SOTP because they are biased and prejudiced against him. Claim Three alleges that the Defendants are directly responsible for deliberately preventing the Plaintiff from continuing the SOTP because they have a "personal bias and prejudice" against him. Claim Four alleges that he has been denied good time and earned time as a result of his termination from the SOTP. Claim Five asserts that the Mental Health Department at the Fremont Correctional Facility ("FCF") has assigned the Plaintiff an excessively high "S-code" classification. Claim Six alleges that the Mental Health Department and the SOTP at the FCF have refused to acknowledge and include the issue of Plaintiff's bipolar disorder in his SOTP treatment.1

---

[1]As previously stated in subsection (A) of this Order, Claims One, Three, Five, and Six are dismissed based on the defense of qualified immunity.

In the motion, Defendants assert that they are entitled to summary judgment on claims one, three, four, five, and six because the Plaintiff's claims were not brought within the appropriate limitations period. (Mot. at 2-4.) In his Recommendation, Magistrate Judge Boland recommends that Claims Two and Four be dismissed because they are barred by the applicable statute of limitations. In his Objection, Plaintiff objects to Magistrate Judge Boland's findings on Claims Two and Four. I address these objections below.

1. <u>Claim Two - Unfair Termination from the SOTP</u>

In the Recommendation, Magistrate Judge Boland recommends that Plaintiff's claim alleging that he was unfairly terminated from the SOTP is barred by the statute of limitations. The issue of tolling is governed by Colorado state law. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the Defendant has wrongfully impeded the Plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the Plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc, v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996).

The Plaintiff initiated this action on August 28, 2006. However, the facts establish that Plainitff knew by July 28, 2003 that he was terminated from the SOTP. Thus, in order to comply with the applicable two-year statute of limitations, the Plaintiff was required to assert this claim on or before July 28, 2005. Plaintiff, however, argues that the Defendants deliberately failed to produce certain documents to him, thus he was unable to exhaust his claims before filing. (Resp. at 3.) The Plaintiff, however, does not provide any documentation or evidence to support his assertions. Instead,

Plaintiff references his previously filed grievances but provides no evidence to support a finding that the Plaintiff attempted to exhaust his termination from the SOTP. Furthermore, none of those grievances complain that Plaintiff was wrongfully terminated from the SOTP.

Because Plaintiff failed to establish that extraordinary circumstances prevented him from filing Claim Two despite diligent efforts or that Defendants wrongly impeded his ability to bring Claim Two, I adopt and affirm Magistrate Judge Boland's recommendation that Defendants' motion be granted in so far as it seeks dismissal of Claim Two as barred by the statute of limitations.

### 2. Claim Four - Plaintiff Denied Good Time/Earned Time

Plaintiff further alleges that he was denied good time/earned time as a result of his inability to complete SOTP. Recommendation at 9. In his Recommendation, Magistrate Judge Boland explained that "it is clear from the Plaintiff's own evidence that he knew he was being deprived of the ability to earn good time/earned time as a result of his inability to complete SOTP as early as September 30, 2003." Recommendation at 9. Therefore, Plaintiff was required to bring this claim on or before September 30, 2005 and absent tolling, this claim is barred by the statute of limitations.

In his Objection, Plaintiff merely restates previous arguments with regard to equitable tolling and does not provide any evidence to support his assertions that the Defendants wrongfully withheld documents from him, nor does he identify any documents that would be pertinent to this claim. Therefore, Magistrate Judge Boland's recommendation that the Defendants' motion be granted insofar as it seeks dismissal of this claim as barred by the statute of limitations is affirmed and adopted.

D.      <u>Supervisory liability</u>

Finally, in a conclusory sentence at the end of his Objection, it appears that the Plaintiff is attempting to amended his pleadings to include a new claim of supervisory liability against Defendants Olin and McGill. However, I decline to address this argument as it is not properly raised. The Tenth Circuit has held that "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

III.    CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of the United States Magistrate Judge Boland (docket #77), filed February 1, 2008 is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion for Summary Judgment (docket #32), filed May 23, 2007 is **GRANTED** as follows:

(1) all claims against the Defendants in their official capacities for retroactive monetary relief be dismissed based on Eleventh Amendment immunity;

(2) summary judgment enter in favor of the Defendants on Claims One, Three, Five, and Six based on the defense of qualified immunity all; and

(3) summary judgement enter in favor of the Defendants on Claims Two and Four as they are barred by the applicable statute of limitations.

Dated: March 31, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U.S. District Judge